JOSE ANTHONY BORJA
CDCR # T-54311
P.O. BOX 5104
Delano. Ca. 93216
 IN PRO-SE

UNITED STATES COURT OF APPEAL'S
FOR THE NINTH CIRCUIT

JOSE ANTHONY BORJA ) Case NO.- 12-56187
     Petitioner, ) Dist court case NO. 09-2420
Vs. ) "PETITION FOR ISSUANCE OF
 ) CERTIFICATE OF APPEALABILITY"
Matthew Cate, CDCR )
   Secretary )
     Respondent )

TO: THE HONORABLE JUSTICES OF THE UNITED STATES
    COURT OF APPEAL'S, - FOR THE NINTH CIRCUIT

Come's the Petitioner "JOSE ANTHONY BORJA" acting as his own counsel - IN PRO-SE, - RESPECTFULLY MOVES THE HONORABLE JUSTICES OF THE NINTH CIRCUIT FEDERAL COURT OF APPEAL'S FOR AN ORDER, ISSUING THE "CERTIFICATE OF APPEALABILITY"

THIS MOTION IS BASED ON THE GROUND'S THAT THERE EXIST SUBSTANTIAL EVIDENCE THAT PETITIONER'S CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED

Petitioner sets forth the following facts and law in support of his request for the issuance of the "CERTIFICATE OF APPEALABILITY"

(1)

1.) Petitioner filed a petition for writ of Habeas Corpus in the Federal District Court - 28 U.S.C. § 2254 from California State Court Conviction. -- Claiming that his Constitutional Rights were violated and that the State Courts Adjudications were contrary to or involved an unreasonable application of Clearly Established Federal Law -- as determined by the Supreme Court of the United States --- And

---- Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding

2.) On Sept 1-2011, Magistrate Judge issued a Report and Recomendation that Petitioner's Habeas Corpus be Denied and Dismissed -- The District Court Judge adopted Magistrates Recomendations : and Denied and Dismissed the Habeas Corus --- Next Petitioner filed an initial Request for Certificate of Appealability on 11-29-2011 :-- Subsequatly on June 5th-2012 the District Court Judge, issued an order denying the Certificate of Appealability --- Next the Petitioner filed a timely Notice of appeal on June 20th 2012

Petitioner points out that the entire record from the District Court -- which includes State Lodged Documents aswell !! --- are on file with the Ninth Circuit Case No. 12-56187 :-- Docket Item # 2 :

Petitioner Respectfully Requests that this instant Court take Judicial Notice of the entire case file from the District Court -- and to treat those documents , -- Records and Pleadings as if though they were fully and fairly set forth in this instant motion for issuance of appealability

(2)

3.) ORDINARILY, — TO APPEAL THE DENIAL OF A FEDERAL HABEAS CORPUS PETITION. AEDPA REQUIRES A PETITIONER, TO OBTAIN A "Certificate of Appealability" (COA) 28 U.S.C. §2253(C)(2) see also Rule #22(B) of F.R.A.P.

THIS REQUIREMENT also APPLIES TO APPEAL'S FROM DISTRICT COURTS DISMISSAL OF A HABEAS CORPUS PETITION, — Section 2253(C)(2) as Amended By the AEDPA, PROVIDES that A certificate of APPEALABILITY MAY ISSUE, — IF THE APPLICANT HAS MADE A SUBSTANTIAL SHOWING OF THE DENIAL OF A "CONSTITUTIONAL RIGHT" [Slack v McDaniel] (2000) 529 U.S. 473: — to OBTAIN a [COA] UNDER §2253(C) a HABEAS PETITIONER MUST MAKE A SUBSTANTIAL SHOWING THAT REASONABLE JURISTS COULD DEBATE OR DISAGREE WITH THE DISTRICT COURTS DECISION ON THE PETITIONS CLAIM'S — OR that the ISSUE'S PRESENTED WERE ADEQUATE TO DESERVE ENCOURAGEMENT, to PROCEED FURTHER (see [Barefoot v Estelle] (1983) 463 U.S. 880, — [120 L.ed 2D ~~5492~~ at Pg 554 "Slack" Supra (Above)

4.) Petitioner MAINTAINS that THE DISTRICT COURTS DENIAL AND DISMISSAL OF HABEAS CORPUS, WAS WRONGFULLY DECIDED AND ERRONEOUS as a matter of LAW — AND IN KEEPING WITH THIS ASSERTION, SETS FORTH THE FOLLOWING FACTS AND LAW Demonstrating AND making THE REQUISITE SHOWING, That HIS CONSTITUTIONAL RIGHTS HAVE Been VIOLATED!!!

— AND HERE AGAIN, Petitioner SPECIFICALLY REQUESTS the NINTH CIRCUIT COURT TO take JUDICIAL NOTICE OF THE ENTIRE CASE FILE, — FROM THE LOWER COURTS ON FILE [see 9TH CIR DOCKET ITEM NO. 2] — AND TO TREAT THOSE PLEADINGS — RECORDS — AND DOCUMENTS as IF THOUGH FULLY set forth IN THIS INSTANT PETITION, FOR CERTIFICATE OF APPEALABILITY HEREIN — AND ESPECIALLY THE POINTS AND AUTHORITIES AND MEMORANDUM'S OF LAW FILED BY THE RESPECTFUL PARTIES BELOW ??!!

(3)

5.) The improper use of gang enhancement charge and "gang" expert witnesses testimony operated to violate Petitioner's constitutional right to due process of law and a fair trial under the Sixth and Fourteenth Amendment to the United States Constitution

---

Petitioner maintains that the only purpose the gang charge served was to prejudice and contaminate his jury and deny him a fair trial and due process of law, and rendered his trial "fundamentally unfair"

First of all the sole legislative purpose and function of the states gang enhancement statute [Cal Penal Code § 186.22] -- is to impose additional punishment for crimes when they are committed for benefit of "street gang" However the circumstances that are present in Petitioner's case clearly indicate that the state is just simply not permitted to use both the <u>firearm enhancement</u> and the <u>gang enhancement</u> the can only legitimately use one of those see Calif Penal Code § 1170.1(f) and [People v Rodriguez] (2009) 47 Cal 4th 501. See also Pen Code § 654.

The gang enhancement statute could not and cannot be used to impose additional punishment -- so the only purpose it served was to prejudice and contaminate jurror's minds and was inappropriately used to prove "<u>Identity</u>" and to wrongfully sway jurrors to believe that crimes were committed for benefit of the gang and that it was some kind of gangland or ganster's hit or execution attempt

The gang charge should not of even been part of the Petitioner's jury trial at ALL !!! in the first instance!

The prosecution intentionally and inappropriately used the gang ~~charge~~ and ~~improperly made it part of the~~ trial -- so that jurrors would assume that crimes were committed for the street gang's and so the defendant must have been the perpetrator --- the prosecution used the gang charge to convince jury that Petitioner was the perpetrator or the shooter when there was NO direct evidence that Petitioner was this person -- in fact eye-witness identification at the trial was literally non-existant -- Both victim and other witness testified at trial that Petitioner was "NOT the person who fired the shots (emphasis added)" -----

Note: ---- Attorney General conceded on direct appeal that § 186.22 gang enhancements cannot be used or imposed in a case that carries a life term ??!!

(4)

(5. contued)

----- The prosecution used the gang enhancement charge and gang experts testomony and subjective hearsey opinions to inapropriately and prejudicially establish the element of identity and attempt to hood-wink the jury into believing that Petitioner was the shooter or perpetrator

--- In short --- the gang enhancement was used to prove the the element of "IDENTITY" when there existed NO eye witness identification or other probative evidence on issue --- other than some purported pretrial, extra-judicial interview conducted by a law enforcement officer. That was not tapped or otherwise recorded - totally contrary to training guidelines and policies and procedures and that involved wittnesses who do not even speak english whatsmore is that at trial these same two wittnesses under oath and - through an interpretor -- both denied that said interview or out of court ID - ever took place --- as a bare minimum here - there just simply did not exist sufficient evidence at trial to prove beyond a reasonable doubt the element of identity and under [JACKSON V VIRGINIA] (1979) 443, U.S. 307! violates due process and compels Reversal ??!!

--- and just for the sake of arguement -- unless the victim and second wittness had personal knowlege --- where they did in fact percieve petitioner as the shooter --- there testomony and ID at trial is simply not even admissible and not relevant as a matter of law [See calif evidence code § 403(c)]

take away the gang charge offense and all that is left would be an empty shell - without any viable or probative evidence that is relevant and admissible that could of been used or relied on to sufficiently prove all of the necessary elements of the underlying offense's !!?

significant enough to point out here! is that the first trial of this matter resulted in a Hung Jury 7-5 for aquittal - because the jurrors could not agree that Petitioner was the shooter ("EMPHASIS")

Petitioner maintains - that to allow the gang charge and gang experts subjective hearsey testomony that pertains to or relates to ultimate issue's of fact on guilt or to establish necessary elements of the underlying offense's ---- violates petitioner's 6th and 14th amendmant rights and invades the province of the jury to determine all relevant facts, and that are based upon admissible, relevant evidence !!!



(5)

--- and as petitioners defense attorney Apley pointed out on direct appeal --- "to allow such evidence deprives a defendant of due process of law and his right to a jury trial under the sixth and fourteenth amendment to the U.S. Constitution ( see gen. Sullivan v Louisiana (1993) 508 U.S. 275: see also People v Partida (2005) 37 cal App 4th 428 at pg 435, see (AOB pg 17) Direct appeal, state court where court found that defendants objection to gang testimony under evidence code § 352, --- allowed him to argue on appeal that error violated his fourteenth amendment right to due process ---!!

---- furthermore, --- such errors implicate due process rights aswell as sixth amendment principals preserving the exclusive domain of the trier of fact see case of Carrella v California (1989) 491 U.S. 263 at 265;

where a jury is not given an opportunity to decide relevant factual questions the defendant is deprived of his right to a jury trial U.S v McClain (5th cir 1977) 545 F.2d 988;

Evidence is unfairly prejudicial, --- if it will induce the jury to decide the case on an improper basis --- rather than on evidence presented U.S. v Miles (7th cir 2000) 207 F.3d 988;

evidence that is at least as consistant with --- "innocence" as with guilt, --- is insufficient to support a guilty verdict U.S. v Berger (2nd cir 2000) 244 F.3d 107;

--- "fundementally unfair" errors during trial violated 14th Amendment Riggins v Nevada (1992) 504 U.S. 127, --- the primary purpose of the "fundemental fairness" inquiry is to provide respect enforced by law for that feeling of just treatment which has evolved thru the centuries of Anglo-American constitutional history and civilization Joint Anti Facist Refugee committee v McGrath (1951) 341 U.S 123; --- the judicial obligation to police state criminal procedures to ensure that they are consistant with our most basic notions of decency and fairness has survived the selective incorporation revolution and exists independent of any specific provision of the Bill of Rights. (see Chambers v Mississippi (1973) 410 U.S. 284, 294-95; also see Briceno v Scribner (9th cir 2009) 555 F.3d. 1069 at 1089 fn.#1 --- where if an expert expressed his judgemat that crimes were committed for the benifit of the gang, this would be improper and amount to an expert opinion that defendant was guilty (emphasis added)

(6)

--- FURTHERMORE, THE MAGISTRATES REPORT + RECOMMENDATION ON PG 17, LN 10-19: ASSERTS THAT THE ERRONEOUS ADMISSION OF GANG EXPERT TESTIMONY IS ONLY SUBJECT TO FEDERAL HABEAS CORPUS--- --- IF A SPECIFIC CONSTITUTIONAL GUARENTEE IS VIOLATED --- OR THE ERROR IS OF SUCH MAGNITUDE THAT RESULTS IN A DENIAL OF DUE PROCESS AND THE FUNDEMENTAL RIGHT TO A FAIR TRIAL -(CITING) [HENRY V KERNAN] (9TH CIR 1999) 197 F 3D 1021, 1031;

--- ADDITIONALLY, THE ADMISSION OF EVIDENCE VIOLATES DUE PROCESS WHEN TWO CIRCUMSTANCES ARE MET: (1) THERE ARE NO <u>PERMISSIBLE</u> INFERENCES THE JURY MAY DRAW FROM THE EVIDENCE; AND --- --- (2) THE EVIDENCE IS OF SUCH QUALITY AS NECESSARILY PREVENTS A FAIR TRIAL [JAMMAL V VAN DE KAMP] (9TH CIR 1991) 926 F. 2D 918, 920;

THIS PETITIONER HEREIN ASSERTS AND MAINTAINS THAT ALL OF THESE STANDARDS AND PRONGS CITED ABOVE ARE PRESENT IN HIS CASE!!

6.) FOR EXAMPLE!? THE PROSECUTION FILED A FRAUDULENT, COUNTERFEIT GANG CHARGE OFFENSE THAT ONLY SERVED TO POISON AND TAINT HIS JURY TRIAL AND --- CREATED AN ILLEGAL "<u>IMPERMISSIBLE INFERENCE</u>" OR PRESUMPTION IN JURROR'S MINDS --- THAT PETITIONER WAS GUILTY WITHOUT REQUIRING THE PROSECUTION TO PROVE THIS WITH EVIDENCE --- AND THIS REDUCED, RELIEVED AND LIGHTENED STATES BURDEN TO PROVE EACH AND EVERY ELEMENT OF THE CRIMES BEYOND A REASONABLE DOUBT --- AND SHIFTED THE BURDEN OF PROOF TO THE DEFENSE. --- THIS VIOLATES DUE PROCESS OF LAW (SEE [IN RE: WINSHIP] (1970) 397 U.S. 358, 364; AND ALSO [SANDSTROM V MONTANNA] (1979) 442 U.S. 510

THE PROSECUTION IN STATE COURT "DID NOT" PRESENT ANY SOLID, PROBATIVE, RELEVANT OR ADMISSIBLE EVIDENCE THAT SUFFICIENTLY ESTABLISHED PETITIONER AS THE PERPETRATOR OR THE SHOOTER --- OR THAT HE EVEN FIRED A GUN --- NO GUN WAS IN EVIDENCE --- NO GUN SHOT RESIDUE EVIDENCE --- NO BALLISTIC'S --- --- NO EYE WITNESS IDENTIFICATION --- NOTHING WHATSOEVER --- --- EXCEPT THE EMOTIONALLY CHARGED SCARE TACTIC EVIDENCE RELATING TO STREET GANG'S --- AND ALL THIS STUFF ABOUT GANG'S AND GANG MEMBER'S --- POISONED THE JURY --- AND THE WAY THAT THEY BOOT STRAPPED ALL OF THIS TO PETITIONER --- CREATED THE IMPRESSION IN THEIR MIND'S OF THE JURROR'S --- THAT PETITIONER IS DANGEROUS AND HAS A DISPOSITION OR PROCLIVITY TO COMMITT THESE TYPES OF VIOLENT CRIMES, AND THUS FORMULATED THE OPINION THAT HE PROBABLY ALSO COMMITTED THE INSTANT OFFENSE'S ASWELL?! --- THESE CIRCUMSTANCES DO NOT COMPORT WITH DUE PROCESS AND A --- --- FAIR TRIAL !!!

(7)

7.) "PRESUMPTION OF INNOCENCE"

Petitioner asserts and claims that his right to "Presumption of Innocence" was violated and he was denied a fair trial.

--- The "Presumption of Innocence" although not articulated in the Constitution --- is a basic component of a fair trial under our system of criminal justice (see [Estelle v. Williams] (1976) 425 U.S. 501, 503).

--- This principal has arisen in the past in the context of prison garb or courtroom security measures --- However the courts have also extended and applied it to other factors that undermine the fairness of the fact finding process. For example: in [Norris v. Risley] (9th Cir 1990) 918 F.2D. 828, --- Presumption of Innocence impaired, where numerous women wearing "Women Against Rape" buttons attended trial of defendant charged with sexual assault.

--- Or the case of [United States v. Olvera] (9th Cir 1994) 30 F.3D 1195, --- Compelling defendant to utter words the robber spoke to bank teller --- or to require a defendant to put on a ski mask, waive a toy gun and shout "Give me your money." [ID. at 1197]

Petitioner here in this instant case asserts that circumstances - events - and unscrupulous trial tactics that were employed by prosecution at his jury trial --- operated to violate his "Presumption of Innocence" and denied him a fair trial and due process --- For example: [Including but not limited too] ---

First of all the prosecution did not establish with direct reliable evidence --- that petitioner did anything --- other than the fact that he may have -- in the past had some type of association or interaction with the street gang in question or had known or been acquainted with a couple of them --- no-one at trial was able to identify petitioner as the perpetrator --- They obtained convictions of these underlying offenses through speculation --- conjecture and the subjective personal beliefs or opinions from the same people who were on the opposing parties team and that were prosecuting him --- and with extra judicial --- Double --- --- tripple heasey statements --- that conflicted with the testomony actually given at trial under oath --- The trial was an empty shell with no reliable evidence, -- that was conducted with smoke and mirrors --- instead of evidence?!

(8)

8.) --- In keeping with Petitioner's assertion that he was denied "Due Process" and that his trial was "Fundementally Unfair" --- Petitioner reiterates that the Prosecution's case revolved entirely arround,- useing the scare tactic's about the criminal street Gang's and Boot-strapping Petitioner to them by Past prior association or causual interaction -- Clothes -- tatoo - etc - etc --- then telling the Jurror's that said Gang's primary activities are violent crimes - some of which were exact same crimes Petitioner was charged with ---- This is powerfull stuff to a Jury of Regular citizen's, -- and creates in the mind's of the jurror's, that if Petitioner was involved with these dangerous violent, unsavory Gang member's -- that He must also be guilty of the instant violent offense's to which He was on Trial For!! -- when no evidence was presented to Prove every element of those offense's beyond a Reasonable Doubt ----- This is constitutionally Invalid for it undermines the fact finder's Responsibility to Determine the existance of the essential elements of the Crime's -- Beyond a Reasonable Doubt -- and Based upon facts and evidence --- and not Based on Speculation & conjecture and Subjectivity or Personal Beliefs or Opinion's !!

At Petitioner's Trial -- This amounted to nothing short of "Propensity Evidence" and only served to ~~ Prey on the emotions of the Jury and lead them to mistrust the Defendant -- and lead them to believe or assume that He was the type of person who would committ such crimes ?!!

· The Ninth Circuit Court of appeal's case of : ---
--- { McKinney V Rees } 9th Cir 1993 993 F. 2D 1378, is very similar and Closely associated with Petitioner's case : --- In this case the father and son were found at the scene [ their House ] of a Murder --- Their Bloody Clothes were found at different location's of said House -- Other than the Existance of the Dead Body at the House, -- there was virtually no other evidence against defendant -- the Prosecution used defendant's facination with knives and his collection of Knive's --- and painted a picture of him with a Commando lifestyle and Basically convicted "McKinney" on the Basis of his suspicious character and previous acts ----

(9)

--- The High Court stated that this was erroneous use of "propensity evidence" that rendered "McKinny's" trial fundementally unfair in violation of the Due Process Clause --- and found that this had <u>substantial injurious affect or influence</u> in determining the jury's verdict (citing) <u>Brecht v Abrahamson</u> 507 U.S. 619; and granted Habeas Corpus Relief ("Emphasis Added").

The Court further stated --- In this situation --- "McKinny's" trial was impermissibly tainted by "<u>irrellevant</u>" evidence, such that it is more than reasonably likely that the jury did not follow its instructions to weigh all the evidence carefully --- but instead skipped careful analysis of the logical inferences raised by the circumstantial evidence --- and convicted "McKinny" on the basis of his suspicious character and previous acts in violation of our community's standards <u>of fair play</u> [McKinny Id at Pg 1385]

--- Furthermore, the Court reached the conclusion that the erroneously admitted character evidence was not only irrellevant --- but just the sort of evidence likely to have a <u>strong impact on the minds of the jurror's</u>.

--- and because of the lack of a "<u>weighty</u>" case against "McKinny" and pervassiveness of the erroneously admitted evidence throughout the trial --- we think it highly probable that the errors had a <u>substantial injurious</u> effect and influence upon the verdict !!! [McKinny supra at Pg 1386]

--- It is part of our community's sense of fair play that people are convicted because of what they have done! --- <u>Not who they are</u> This rendered trial fundementally unfair (FBD)

See also case of [Alcala V Woodford] (9th Cir 2003) 334 F 3d 862 at 887 ! --- where knifes in defendants home same brand as murder weopon --- found, irrellevant addmission of irrellevant evidence was a violation of the right to fair trial and due process guarenteed by federal constitution! --- Whatsmore is that the two case's relied upon by District Court to deny Petitioner's Habeas Corpus [Jamal V Van De Kamp] supra 926 F. 2d 918; and [Henry V Kernan] supra 197 F. 3d 1021 --- asserting that federal habeas corpus courts do not review question's of state evidence law [see Magistrates R+R Pg 17] However both these case's were cited by McKinny distinguished and found inapplicable ?? McKinny V Rees supra 993 F 2d at 1384-1385. FN 11

(10)

--- where court cited _Henry v Estelle_ (9th cir. 1993) 993 F. 2d 1423; in which it also found that erroneous admission of irrelevant prior acts evidence was distinct from the situation in _Estelle v McGuire_ 502 U.S. 62; --- and a violation of Due Process that necessitated the grant of Habeas under _Brecht_

The herein instant Petitioner's case also requires Reversal and Remand under these same legal principals and Rationale?!

Here in Petitioner's case, there has been a Huge "<u>miscarriage of Justice</u>" --- Because he is "<u>Actually Innocent</u>"

Furthermore, there existed numerous other witnesses on that street the day of the shooting, and law enforcement never interviewed or tried to talk to any of them --- and Recently Petitioner has learned that there may of been many of those witnesses who had seen what happened, --- and saw a similar but different black car from same neighborhood, that belonged to a violent street gang, --- <u>that was not in fact this petitioner</u> --- and that lived in the area aswell --- However the lawyer's below in State Court, <u>Did Not</u> adequately investigate into this --- nor try develope such facts --- and thus were never given due consideration

9.) Next is that, not only was Gang charge + expert witness testimony used to bolster and inappropriately prove or create impermissible inference of identity --- But that also there was <u>insufficient evidence</u> at trial to prove each and every element of the gang enhancement which is also a violation of Due Process of law under U.S. Constitution _Jackson v Virginia_ supra 443 U.S. 307; _Inre: Winship_ supra 397 U.S 358

The Ninth Circuit has Recently Ruled on this same issue, under Identical or very similar circumstances that are present in this petitioner's instant case, see _Garcia v Carey_ (9th cir 2005) 395 F. 3d 1099; and _Briceno v Scribner_ (9th cir 2009) 555 F. 3d 1069; --- In both these cases the court found an un- -Reasonable Application of "_Jackson v Virginia_" supra and Reversed and Remanded those case's ("Emphasis Added")---

(11)

---- WHATSMORE, IS THAT THESE TWO CASES HAD EVEN MORE GANG EVIDENCE, THAN PETITIONER'S CASE HEREIN -- FOR EXAMPLE! IN "GARCIA" SUPRA 395 F. 3D AT 1101, - THE DEFENDANT COMMITTED A ROBBERY ON GANG TURF, AND ANNOUNCED HIMSELF TO VICTIM AS "LITTLE RISKY FROM EL MONTE FLORES, HIS GANG AND WAS ALSO WITH TWO OR THREE OF HIS COHORTS ASWELL

IN "BRICENO" HIM AND HIS CO-DEFENDANTS BOTH ACTIVE GANG MEMBERS OF THE HARD TIMES STREET GANG COMMITTED A SERIOUS OF MULTIPLE ROBBERIES TOGETHER, IN COSTA MESA -- GARDEN GROVE AND ANAHEIM --- BOTH HAD GANG TATOO'S ASWELL --- HELD INSUFFICIENT??!!

FIRST, THE PROSECUTOR MUST DEMONSTRATE THAT THE DEFENDANT COMMITTED A FELONY FOR THE BENIFIT OF, -, AT THE DIRECTION OF, OR IN ASSOCIATION WITH A CRIMINAL STREET GANG ------ SECOND --- THE PROSECUTOR MUST SHOW THAT THE DEFENDANT COMMITTED THE CRIME'S WITH THE "SPECIFIC INTENT" TO PROMOTE, FURTHER OR ASSIST IN ANY CRIMINAL CONDUCT BY GANG MEMBERS... FURTHERMORE THE COURT HAD PREVIOUSLY RECOGNIZED THE IMPORTANCE OF KEEPING THESE TWO REQUIREMENTS SEPARATE --- AND HAVE EMPHASIZED THAT THE SECOND STEP IS NOT SATISFIED BY MERE MEMBERSHIP IN A CRIMINAL STREET GANG ALONE CITING (GARCIA V COREY) SUPRA 395 F. 3D. 1099 AT 1102-03 AND N. 5.

(BRICENO V SCRIBNER) SUPRA 555 F. 3D AT PG 1078: AND FOOTNOTE NO. 6 AT PG 1089: WHERE COURT EMPHASIZED THAT CRIMES MAY NOT BE FOUND TO BE GANG RELATED, BASED SOLELY UPON A PERPETRATOR'S CRIMINAL HISTORY AND GANG AFFILIATION ("EMPHASIS")

THIS IS EXACTLY WHAT HAS HAPPENED IN PETITIONER'S CASE HEREIN --- BECAUSE THERE WAS LITERALLY NO EVIDENCE WHATSOEVER --- EXCEPT THE GENERIC, SPECULATION AND CONJECTURE AND SUBJECTIVE OPINION'S OF THE PROSECUTION'S GANG EXPERT WITNESS --- AND BOTH "GARCIA" AND "BRICENO" HELD, THAT THIS IS WHOAFULLY LACKING AND INSUFFICIENT

--- HERE AGAIN, SOMETHING MORE THAN AN EXPERTS WITNESSES UNSUBSTANTIATED OPINION THAT A CRIME WAS COMMITTED FOR BENIFIT OF, --- AT THE DIRECTION OF --- OR IN ASSOCIATION WITH CRIMINAL STREET GANG IS REQUIRED TO JUSTIFY A TRUE FINDING ON A GANG ENHANCEMENT

(12)

--- the GANG EXPERTS SELF SERVING, SUBJECTIVE SPECULATION and OPINIONS --- DID NOTHING MORE THAN IMPROPERLY INFORM THE JURY HOW [THE EXPERT] BELIEVED the case SHOULD BE DECIDED --- WITHOUT ANY UNDERLYING factual BASIS to SUPPORT it see [INRE: FRANK S] (2006) 141 cal app 4TH 1192 at 1197: and [People V KILLEBREW] (2002) 103 cal app 4TH 644 at 658: both cited with approval in BRICENO supra at pg 1082! ALSO see [People V OCHOA] (2009) 179 cal app 4TH 650 at 662:

Here IN THIS INSTANT case there IS a total absence of any evidence THAT THE Defendant/Petitioner intended to Protect GANG turf or facilitate GANG OPERATION'S. And NO evidence of the "SPECIFIC INTENT" That IS a mandatory PREREQUISITE for a FINDING OF GUILT on GANG CHARGE

as the court IN BRICENO V SCRIBNER supra 555 F.3D 1069 at 1082: THAT the TRIER OF FACT May Rely on Expert testomony ABOUT GANG CULTURE and HABITS -- SUCH testomony IS INSUFFICIENT to ESTABLISH That a SPECIFIC INDIVIDUAL POSSESSED a specific Intent ["EMPHASIS ADDED"]

--- WHATSMORE IS That as INDICATED earlier on (Pg 6) Herein -- "...That an EXPERT WITNESS CANNOT EXPRESS HIS JUDGEMENT OR OPINION THAT THE CRIMES WERE COMMITTED FOR THE BENEFIT OF THE GANG -- For THIS WOULD OF amounted to AN OPINION that THE [Defendant], WAS GUILTY and WOULD HAVE BEEN IMPROPER see "BRICENO" supra at pg 1089, FN. NO. 1, citing moses v payne 543 F.3D 1090 at 1106: and U.S. V Lockett 919 F.2D 585 at 590

--- And THIS IS Exactly and PRECISELY WHAT OCCURRED Here IN Petitioner BORJA'S case see the Respondents Pleadings or answer from District court pg 4 [3 RT at 223-24 - And 229-33] where the Prosecutions GANG expert Detective SKAHILL OPINED that the offense's were committed FOR THE BENEFIT OF a criminal street GANG

SKAHILL testified that in HIS OPINION THE Present shooting WAS committed to Promote, assist or further Hurely street GANG [3 RT 233-234] ALSO See [2 RT 62] AND [3 RT 291, - 312-313] -- see also Petitioner's Federal HABEAS CORPUS Points + authorities (pg 8-11:) ----

(13)

--- and as should be abundantly clear here! --- is that the magistrates report & recommendations, were wrong and erroneously decided -- and on many levels that conflict with provisions of the United States Constitution

10.) THE THIRD ARGUEMENT OF HIS HABEAS CORPUS ---
--- Petitioner maintains that the assault with deadly weapons offenses were NOT PROVEN at trial with sufficient evidence -- and that each and every element of those crimes were not established with reliable, solid evidence in violation of <u>JACKSON V VIRGINIA</u> SUPRA 443 U.S. 307; and his constitutional rights to fair trial and due process of law were violated --- and that his trial was fundamentally unfair!! --- Petitioner asserts that all the legal citation and their arguements set forth in allegation # 5 thru 9 in this herein instant motion, --- equally apply to the ADW offense and request that the court consider them as if they were fully set forth in this instant arguement

11.) {Cummulative ERRORS}

Petitioner claims that --- the cumulative effect of these errors, resulted in a trial that was so infected with unfairness as to make the resulting convictions a denial of due process {DONNELLY V De CHRISTOFORO} (1974) 416 U.S. 637, 643:
In analyzeing prejudice in a case in which it is questionable whether any single trial error examined in isolation is sufficiently prejudicial to warrant reversal --- the courts have recognized the importance of considering the cumulative effect of multiple errors -- and NOT simply conducting an issue by issue error review see {United States V Frederick} (9th Cir 1996) 78 F. 3D. 1370, 1381 see also {WHELCHEL V WASHINGTON} (9th Cir 2000) 232 F. 3D. 1197, 1212! --- noting that cumulative error applies on habeas corpus review} and {MATLOCK V ROSE} (6th Cir 1984) 731 F. 2D. 1236, 1244 --- "Errors that might not be so prejudicial as to amount to a depravation of due process when considered alone --- may cumulatively, produce a trial setting that is "fundamentally unfair"

(14)

12.) In the abundance of caution, Petitioner respectfully invokes the protections of [Haines V Kerner] (1972) 404 U.S. 519, 520, and its progeny,— where courts are advised and instructed to liberally construe any Pro-se pleading's, petition's or documents and to not require of them — the same strict, stringent standards that would be expected from formal papers drafted by ~~lawyers~~ lawyer's or attorney's

— when an applicant files his application for [C.O.A.] in pro-se — the Court of Appeals construe's his petition liberally [Hall V Scott] (10th Cir 2002) 292 F.3D 1264: — and Court of Appeals SHOULD resolve any doubt about entitlement to [C.O.A] in favor of granting it [Sonnier V Johnson] (5th Cir 1998) 161 F.3D 941:

— In keeping with this, — Petitioner maintains that he has in "Fact and Law" satisfied the initial threshold showing that his constitutional rights have been violated — and that his case deserves the opportunity to appeal the lower District Courts erroneous decision !!?

Wherefore, Petitioner respectfully pray's that the "Honorable", Justices of Ninth Circuit Federal Court of Appeals, — find "Good Cause" and issue the "certificate of appealability" [C.O.A.]

---

Pursuant to 28 U.S.C §1746 I declare under penalty of perjury that the foregoing is true and correct

Dated: 1/23/13

_Jose Borja_
Jose Anthony Borja
Petitioner
In Pro-se

(15)

STATE OF CALIFORNIA                                     COUNTY OF KERN

# VERIFICATION

C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 17460

I JOSE A BORJA declare under penalty of perjury that: I am the PETITIONER APPELLANT in the above entitled action. I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this 23 day of JANUARY, 2013, Kern Valley State Prison.

Signature _____
DECLARANT/PRISONER

---

# PROOF OF SEVICE BY MAIL

C.C.P. SEC. 1013(a) & 2015.5; 28 U.S.C. SEC. 1746

I JOSE ANTHONY BORJA, am a resident of California State Prison, in the County of KERN, State of California: I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 5104, Delano, CA. 93216.

On JANUARY 23, 2013, I served the foregoing (1) MOTION FOR LEAVE OF COURT TO ACCEPT LATE C.O.A., (2) PETITION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY WITH EXIBITS 1+2, NOTICE OF APPEAL AND DISTRICT COURTS DENIAL OF COA.

Set forth exact title of document(s) served

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s) with postage thereof fully paid, in the United States Mail, in a deposit box so provided at KERN Valley State Prison, Delano, CA. 93215.

OFFICE OF THE CLERK
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUT
P.O. BOX 193939
SAN FRANCISCO, CA 94119-3939

OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA (LA)
DAVID ELGIN MADEO
SUITE 1702
300 SOUTH SPRING STREET
LOS ANGELES, CA 90013

List parties served

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 1/23/13 _____
DECLARANT/PRISONER

(16)